JORGE LUIS SÁNCHEZ MONTALVO, Petitioner, *v.*
JUAN F. ANGELÍ, ETC., Respondent.

No. 766.   Submitted November 12, 1957.—Decided November 21, 1957.

*Francisco Ponsa Feliú,* public defender for petitioner.   *J. B.
Fernández Badillo, Attorney General, Arturo Estrella, Assis-
tant Attorney General,* and *Alfredo Archilla Guenard, Fiscal
of the Supreme Court,* for respondent.

PER CURIAM.

On December 5, 1949, the petitioner was sentenced to
serve an indeterminate sentence of 14 to 15 years' imprison-
ment in the penitentiary for the crime of first-degree bur-
glary, subsequent offense.   We issued a writ of habeas
corpus to determine the validity of the said sentence.

The offense of first-degree burglary is punishable
by imprisonment in the penitentiary from 1 to 15 years.
Section 410 of the Penal Code, 1937 (33 L.P.R.A. § 1593).
When it is a subsequent offense, the offender is punished by

imprisonment for the longest term, namely, 15 years in the penitentiary. Section 57(2) of the Penal Code, 1937 (33 L.P.R.A. § 132).[1] *Morales* v. *Saldaña*, 63 P.R.R. 57. The Code therefore provides a fixed and specific term of imprisonment for the crime of first-degree burglary, subsequent offense. On other occasions we have said that the adjective "subsequent," placed before the classification of a crime, does not alter the elements constituting the crime, and that it affects only the discretion of the judge in pronouncing sentence. *People* v. *Cancio*, 53 P.R.R. 520. In *González* v. *Rivera, Warden*, 71 P.R.R. 735, we said at p. 737: "The allegation of a previous conviction of another offenses does not charge a crime by itself. Its only purpose is to bring the case within the statute and to impose on the accused the heavier penalty fixed thereby. [Citations.]" The crime committed by the petitioner was therefore first-degree burglary. We must determine, first, the penalty prescribed at present when the offender is convicted of that crime as a subsequent offender.

▄▄▄ Ever since the operation of the Indeterminate Sentence Act—34 L.P.R.A. § 1024— [2] the judges lack power

---

[1] Said section provides:

"Every person who, having been convicted of petit larceny, or of an attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable as follows:

"2. If the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for any term less than for life, such person is punishable by imprisonment in such prison for the longest term prescribed, upon a conviction for such first offense." (33 L.P.R.A. § 132, pp. 759–60.)

[2] Said Act provides:

"The indeterminate sentence is hereby established in Puerto Rico; *Provided*, That when the courts sentence a person to serve a term for a felony not entailing life imprisonment, they shall pronounce an indeterminate sentence which shall not contain a specific time limit but in no case the commitment shall be less than the minimum term provided by law for the offense committed nor more than the maximum term indicated for said offense; *Provided, further*, That in the cases where the law does not provide for minimum or maximum terms, the trial court shall fix said minimum or maximum term "

to pronounce sentence with a specific time limit. These provisions of the said Act are mandatory. *People* v. *Rodríguez*, 69 P.R.R. 507; *People* v. *Luciano*, 77 P.R.R. 564. We agree with the attorney for the petitioner that, while § 57(2) of the Penal Code provides a fixed penalty for the subsequent offense of first-degree burglary, the Indeterminate Sentence Act provides for the imposition of a sentence without a specific time limit for all felonies not entailing life imprisonment, as a result of which there is an irreconcilable conflict between both statutes. However, § 57(2) of the Penal Code has not been impliedly repealed in its entirety, as argued by the appellant. Effect may and should be given in part to the said provision, the purpose of which is, as already noted, to impose a heavier penalty on the subsequent offender.

This is accomplished by the imposition of a maximum term which should never be less than the maximum—fixed penalty—provided in paragraph 2 of § 57 *supra*, and a minimum term which shall not be less than that provided by the Penal Code for the offense of first-degree burglary. In this manner effect is given to the Indeterminate Sentence Act and at the same time the subsequent offense of first-degree burglary is punished more severely.

The trial judge was of the opinion, as we now hold, that, notwithstanding the provisions of § 57(2), he was bound to impose on the defendant, petitioner herein, an indeterminate sentence, which he did, sentencing him to serve from 14 to 15 years' imprisonment in the penitentiary. After making the corresponding reductions,[3] these terms are reduced as follows: the minimum of 14 years, to 8 years 11 months, and 25 days; and the maximum term of 15 years, to 9 years, 2 months, and 2 days. This computation leaves a margin of

---

[3] See Act No. 180 of 1943 (Sess. Laws, p. 652) and *People* v. *Superior Court*, 78 P.R.R. 135.

only 2 months and 7 days between the minimum term and the maximum term. There is no doubt that such a small margin of fluctuation thwarts completely the purposes sought by the Indeterminate Sentence Act.[4] Already in *People* v. *Superior Court*, 78 P.R.R. 135,[5] we had foreseen a situation such as this one, in which the minimum term fixed is so severe that it actually converts the sentence into a fixed one, or does not allow a reasonable margin of fluctuation between the shortest minimum possible and the highest maximum which may be imposed, thereby violating the principle of the indetermination.

The sentence imposed on the petitioner violates this principle and is therefore void.

---

[4] The Statement of Motives added to the said Act by Act No. 176 of 1949 (Sess. Laws, p. 552), provides:

"In order that the penalty should serve its eminently social function of protecting society from the menace of offenders, it is absolutely necessary that the courts impose such sentences as permit the penal authorities two things: (1) be able to determine in each case where the menace of the offenders resides and (2) have sufficient time to eliminate said menace through a constructive treatment. For this purpose there must exist a direct relation between the duration of the sentence imposed and the problem of the offender.

"In order to further this end the indeterminate sentence is established in Puerto Rico, which, while permitting the imposition of sentences with a margin of reasonable fluctuation between the lowest possible minimum and the highest possible maximum that may be imposed, shall allow for a distinction to be made among the different offenders during the period of their confinement in jail and, as a consequence, these may regain their liberty as they evidence a favorable reaction to the process of their rehabilitation. This way we prevent, in the interest of a better service to the community, that the reformed offender be confined longer than necessary; and likewise, but conversely, that an offender be released while still a menace to the community.

"Society should devote the necessary time to control the conduct of the offender while he is in need of such control in order to reform. This can only be achieved by a sentence permitting the application of the convenient solutions to the cases arising. For this purpose the indeterminate sentence is established."

[5] For the purposes of the decision of this appeal, we need not reexamine the doctrine announced in *People* v. *Superior Court, supra.*

The petitioner will be resentenced by the trial court in harmony with the principles stated in this opinion, and the indeterminate sentence to be imposed shall provide for a maximum term of 15 years' imprisonment and a minimum term for the shortest time possible, but not less than the minimum term provided by law for the crime of first-degree burglary.